38 N.J. Super. 585 (1956)
120 A.2d 256
GEORGE RAAB AND CATHERINE RAAB, PLAINTIFFS-RESPONDENTS AND CROSS-APPELLANTS,
v.
FRED LIEBNITZKY, TRADING AS CENTRAL JERSEY GAS SERVICE, DEFENDANT AS CROSS-RESPONDENT, AND PROTANE CORPORATION, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 9, 1956.
Decided January 23, 1956.
*587 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. Stanley W. Greenfield argued the cause for plaintiffs. respondents and cross-appellants.
Mr. Harvey G. Stevenson argued the cause for Protane Corporation, defendant-appellant, and for Fred Liebnitzky, trading as Central Jersey Gas Service, cross-respondent (Messrs. Stevenson, Willette & McDermitt, attorneys).
The opinion of the court was delivered by CLAPP, S.J.A.D.
Plaintiffs sustained damages and personal injuries allegedly as a result of an explosion of propane gas. They claim that tanks of propane gas were furnished by the defendant Protane Corporation, and installed by a distributor, the defendant Liebnitzky, just outside plaintiffs' home; and that gas, passing through a pipe connecting the tank with the home, had leaked and flowed into plaintiffs' cellar, causing the explosion. Plaintiffs charged Protane with negligence.
The jury found against Protane and exonerated Liebnitzky. Protane appeals, arguing, first, that plaintiffs had not established a breach of duty on its part, and hence that its motion for judgment at the conclusion of all the evidence should have been granted. The case against Protane rests entirely on plaintiffs' claim that it was under a duty to take reasonable precautions to add to the propane gas (which in its *588 natural state is odorless) an odorant which would act as a warning in case of a leak.
Was Protane under such a duty? We think it was. The proofs establish in the first place that when propane gas leaks, there is a danger of an explosion. They indicate further that Protane, in order to meet this danger, impregnated its gas with an odorant, ethyl mercaptan, so that "the odor would be immediately carried with" the gas in the event of a leak and would thus serve as a warning. Indeed, when the defendant Liebnitzky installed the tanks at plaintiffs' home, he told plaintiffs that if the gas escaped, the odor would enable them to detect it.
N.J.S.A. 21:1B-2, in the interests of safety (see N.J.S.A. 21:1B-8), requires the Division of State Police to make regulations
"* * * setting forth minimum general standards * * * specifying the odorization of [propane gas] and the degree thereof."
Further see N.J.S.A. 21:1B-5. Section 6.2 of the Regulations, adopted by the Division January 2, 1951 pursuant to this act (which section was read to the jury), indicates that odorization is required as a warning agent, obviously in the event of a leak. Protane claims that plaintiffs can derive no benefit from section 6.2 because the section provides that in certain exceptional situations it is unnecessary to odorize the gas. Suffice it to say (without spelling out the matter) that these exceptions appear in a proviso to the section and are of such a character that we think the burden lay on the defendants to bring in proof establishing that they were applicable here. Since there was no such proof, defendants cannot now rely upon them.
Such statute and regulation operate as a warning which a reasonably prudent man would heed  though a violation of them is not to be regarded as negligence in itself. Carlo v. Okonite-Callender Cable Co., 3 N.J. 253, 264 (1949); cf. New Jersey Fidelity, etc., Ins. Co. v. Lehigh Valley R. Co., 92 N.J.L. 467, 472 (E. & A. 1918); Prosser, *589 Torts (2d ed.), 161. Protane lays stress on the fact that plaintiffs did not establish any failure on its part to comply with the provision in the regulation requiring a certain degree of odorization. We think that, even without such proof, the statute and regulation, taken with the other evidence in the case, are indicative of a duty on the part of Protane to take reasonable measures so to odorize the gas that a user would be put on notice in case of a leak. We conclude therefore that the case should not have been taken from the jury on the ground that there was no such duty.
Compare Seward v. Natural Gas Co., 8 N.J. 45, 47, 52 (1951), involving an explosion of propane gas, which occurred before the adoption of the above statute and regulation, but wherein the proofs showed the established practice within the industry with regard to odorization. It might be added that plaintiffs, to make out their case, were not bound to show what that practice was here. Garafola v. Rosecliff Realty Co., Inc., 24 N.J. Super. 28, 39 (App. Div. 1952).
Next, Protane argues, in effect, that there was no proof sufficient to go to the jury showing a lack of proper odorization on the part of Protane in connection with the gas involved in the explosion. The proof was not by any means all one way. Still there was testimony from both plaintiffs that though they were on the first floor of their home on the morning when the explosion occurred, they did not smell any odor of gas. Indeed, one of the plaintiffs, who opened the cellar door just before the explosion, did not smell any odor even then. Furthermore, a resident of the community, who immediately after the accident found one of the tanks involved in the explosion and had then shut off the gas valve on it, had detected no odor of gas from the open valve.
Moreover, apparently the very tank from which the gas was passing at the time of the explosion, was brought into the courtroom by the defendants on the theory that it still contained gas with the odorant in it. The valve was opened in the courtroom, and the jurors each walked within two feet of it to smell its contents. The record does not disclose what, *590 if any, odor the gas gave off. Defendants' counsel pointed out, on his motion for judgment, that no one would know what the jury's findings would be with respect to that matter until they rendered a verdict. In that connection it is to be observed that the court charged the jury that plaintiffs' entire claim against Protane rested on its alleged failure to take reasonable care to odorize the gas properly; and after hearing that charge the jury found against Protane. This finding under these circumstances indicates that the jury concluded that Protane had been negligent in failing to odorize the gas sufficiently. In any event, the proof as to lack of odorization was such as to require the court to leave that matter to the jury.
The next point on the appeal has to do with the following portion of the charge, which was given by the court pursuant to one of plaintiffs' requests:
"The plaintiffs contend that prior to the explosion complained of, the gas was not sufficiently odorized so as to give warning to the plaintiff of its escape. The law requires that all liquified petroleum gases shall be effectively odorized by an approved agent of such character as to indicate positively by a distinctive odor to give warning of its escape. The mere fact that the gas may have been odorized is not sufficient of itself to relieve the defendants of liability. The gas must have been effectively odorized to give warning in the event of any leak or escape. Even though you may find that the defendants did odorize the gas, nevertheless, if the gas was not so odorized as to give effective warning to the plaintiffs in the event of its escape, then you may find that the defendants were negligent and if their negligence was the proximate cause of plaintiffs' damages, then the plaintiffs may recover by reason of such negligence."
Defendant objected to the charge on the ground (among others) that it imposed an absolute liability on defendant. The sentence to which this objection seems to be directed, reads:
"The gas must have been effectively odorized to give warning in the event of any leak or escape."
It would seem, however, that the word "must" was used in order to indicate a duty  but not an absolute one. We think *591 that sentence and the one preceding it were intended to convey this: mere odorization is not enough; the law imposes upon Protane a duty to make the odorization sufficiently effective that it will serve as a warning in the event of a leak. However, the charge sufficiently indicates that there was no intention to impose an absolute liability, for it goes on to say: even though the gas was odorized by defendants, still if it did not give forth an effective warning on its escape, then you "may" (the court did not say "must") find negligence on defendant's part, and in that case, if you also find that proximate causation is established, plaintiffs may recover. Taking the charge as a whole, we do not think the court imposed an absolute liability upon Protane.
Protane claims further that the portion of the charge above quoted instructed the jury to render a verdict for the plaintiffs if they found one condition, namely, that the gas was not effectively odorized. Protane's point is that the charge was unqualified; that it made the case turn on one isolated fact, whereas the jury should have been required to take into account other circumstances of the case. However, the court had earlier in the charge dealt with this subject and then, after stating that the claim against Protane was based on negligence, had declared that persons supplying the gas were under a
"duty to use or exercise a degree of care proportional to the probable or foreseeable dangers which the circumstances of the case require."
The court noted that plaintiffs failed to detect any odor on the morning of the explosion. Later, the court stated that "there is a presumption in law against negligence"  "in the odorizing of gas"; and it added:
"We have to be governed in this type of case by what the ordinarily prudent person would do under the same conditions."
The court then proceeded to define negligence, repeating this idea. Subsequently it gave nine of defendants' requests to *592 charge which deal in general terms with various questions relative to the matter of negligence.
It also gave defendants' tenth request to charge, which though it differs from, nevertheless suggests the very portion of the charge now under attack:
"* * * Unless you find that the gas was not properly odorized and that this was a contributing cause of the injury and damage, you must find in favor of Protane Gas Corporation [a verdict] of no cause for action.
I so charge you."
Furthermore, it should be observed that the criticized portion of the charge was followed by this further instruction to the jury:
"The defendants owe the duty to the plaintiffs to exercise such care as the conditions of the particular situation require, the care which the known or foreseeable danger would require. Gas is known as a substance that can become extremely dangerous to human life itself and therefore the defendants were under the duty to exercise the proper degree of care proportionate to the probable or foreseeable dangers which the circumstances of the case require."
Reading the charge in its entirety, we find no prejudicial error.
Nor do we find prejudicial error in the plaintiffs' ninth request to charge. The judgment against Protane is affirmed.
We have not spoken of the judgment in favor of the defendant Liebnitzky, as to which plaintiffs took a cross-appeal. For at the oral argument plaintiffs agreed to a dismissal of the cross-appeal in case the appeal was affirmed. Accordingly, the cross-appeal will be dismissed.
Furthermore, at the oral argument we pointed out an apparent inconsistency in the verdict. The jury was charged that if it found negligence with respect to the odorization of the gas, it should bring in a verdict against both defendants, Protane and Liebnitzky. It was also charged that there was no claim against Protane except for negligence in connection with the odorization. In fact, the jury found against Protane and in favor of Liebnitzky. Not only did counsel *593 in their briefs fail to make any point over this seeming inconsistency, but on the oral argument counsel for both defendants waived the point expressly.
Judgment against Protane affirmed; cross-appeal dismissed.